IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PATRICIA YATES,

        Plaintiff,        Case No. 3:11-cv-464

vs.        Judge Thomas M. Rose

CAROLYN W. COLVIN[1],        Magistrate Judge Michael J. Newman
Acting Commissioner of Social Security,

        Defendant.

_____

**ENTRY AND ORDER OVERRULING YATES' OBJECTIONS (Doc. #16) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #15) IN ITS ENTIRETY; AFFIRMING THE COMMISSIONER'S FINAL NON-DISABILITY DETERMINATION AND TERMINATING THIS CASE**

_____

Patricia Yates ("Yates") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that she is not disabled and, therefore, not entitled to Social Security disability benefits. On January 23, 2013, United States Magistrate Judge Michael J. Newman entered a Report and Recommendations (doc. #15) recommending that the Commissioner's Decision be affirmed. Yates subsequently filed Objections (doc. #16) and the time has run and the Commissioner has not responded to Yates' Objections. This matter is, therefore, ripe for decision.

Yates sought financial assistance from the Social Security Administration by applying for

---

[1] Carolyn Colvin became Acting Commissioner of Social Security on February 14, 2013 and is automatically substituted as the Defendant in this suit.

1

Supplemental Security Income ("SSI") and disability insurance benefits ("SSD") in December of 2008. Yates claims that she has been disabled since December 23, 2008, due to rheumatoid arthritis, chronic back pain, Hepatitis C and post-menopausal stress syndrome.

The Commissioner denied Yates' application initially and on reconsideration. Administrative Law Judge ("ALJ") Ameila Lombardo ("Lombardo") held a hearing following which she determined that Yates is not disabled. The Appeals Council denied Yates' request for review and ALJ Lombardo's decision became the Commissioner's final decision. Yates then appealed to this Court pursuant to 42 U.S.C. § 405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #15) and in Yates' Objections (doc. #16), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing affirms the Commissioner's decision that Yates is not disabled in accordance with Social Security regulations.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the Administrative Law Judge's ("ALJ's") decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated*

2

*Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ's decision is supported by substantial evidence and the ALJ applied the correct legal criteria. WHEREFORE, Yates' Objections to the Magistrate Judge's Report and Recommendations are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge (doc. #15) in its entirety. The Commissioner's decision that Yates is not disabled in accordance with Social Security regulations is affirmed. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Eighth Day of February, 2013.

.                                             **s/Thomas M. Rose**
                                              _____
                                              JUDGE THOMAS M. ROSE
                                              UNITED STATES DISTRICT COURT

Copies furnished to:
    Counsel of Record